NOTE:   This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3036

ELIZABETH ANN WATERS,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

Elizabeth A. Waters, of San Mateo, California, pro se.

Marla T. Conneely, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent.  With her on the brief were Jeffrey S. Bucholtz, Acting Assistant Attorney General, Jeanne E. Davidson, Director, and Kenneth M. Dintzer, Assistant Director.

Appealed from:  Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3036

ELIZABETH ANN WATERS,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

Petition for review of the Merit Systems Protection Board in SF0831070294-I-1.

DECIDED: April 30, 2008

Before RADER and SCHALL, <u>Circuit Judges</u>, and ZOBEL, <u>District Judge</u>.[*]

PER CURIAM.

DECISION

Elizabeth Ann Waters petitions for review of the final decision of the Merit Systems Protection Board ("Board") that sustained the Office of Personnel Management's ("OPM") decision denying her lump sum death and survivor annuity

---

[*] Honorable Rya W. Zobel, District Judge, United States District Court for the District of Massachusetts, sitting by designation.

benefits, to which she claimed entitlement on the basis of her marriage to former federal employee Robert McTonnell. <u>Waters v. Office of Pers. Mgmt.</u>, SF-0831-07-0294-I-1 (M.S.P.B. Aug. 27, 2007) ("<u>Final Decision</u>"). We <u>affirm</u>.

DISCUSSION

I.

Ms. Waters married Mr. McTonnell, a former employee of the United States Postal Service, on May 14, 2006. <u>Waters v. Office of Pers. Mgmt.</u>, SF-0831-07-0294-I-1, slip op. at 2 (M.S.P.B. May 10, 2007) ("<u>Initial Decision</u>"). Sixteen days later, on May 30, 2006, Mr. McTonnell died from cardiac arrest, purportedly caused by cirrhosis of the liver and colon cancer. <u>Id.</u> Following Mr. McTonnell's death, on June 28, 2006, Ms. Waters applied for lump sum death and survivor annuity benefits. <u>Id.</u> On August 7, 2006, OPM denied Ms. Waters's application. <u>Id.</u>

On August 20, 2006, Ms. Waters sought reconsideration of OPM's denial of benefits, producing additional evidence showing that, prior to their marriage, Mr. McTonell had authorized her, pursuant to a durable power of attorney, to manage his personal property and other affairs. <u>Id.</u> Ms. Waters noted that the power of attorney authorized her to submit claims for government benefits inuring to Mr. McTonnell and to collect such benefits, which power, she argued, permitted her to collect the benefits she sought. <u>Id.</u>

Upon considering the additional evidence, OPM affirmed its original determination that Ms. Waters was entitled to neither lump sum death nor survivor annuity benefits. <u>Id.</u> at 3. With respect to the lump sum death benefits, OPM noted that Mr. McTonnell had designated a prior spouse, Anne McTonnell, as the recipient of such

benefits on a Designation of Beneficiary form that OPM received on April 19, 1962. Id. Though Mr. McTonnell later divorced Ms. McTonnell in 1988, he never removed her as the designated beneficiary of the lump sum death benefits. Id. OPM concluded that a Marital Settlement Agreement, in which Mr. McTonnell listed "benefits resulting from . . . employment . . . with (sic) United States Postal Service" as separate property, did not serve to remove Ms. McTonnell as the designated beneficiary of the lump sum death benefits. See id. at 2–3. With respect to the survivor annuity benefits, OPM noted that 5 U.S.C. § 8341(a)(1)(A) defines a "widow" eligible to receive such benefits as a person married to the federal employee spouse "for at least 9 months immediately before his death." Id. at 3. Since Ms. Waters and Mr. McTonnell were married only for 16 days, Ms. Waters did not qualify for survivor annuity benefits. Id.

Ms. Waters appealed OPM's reconsideration decision to the Board, which allowed Ms. McTonnell to join the case as an intervenor. Id. at 3–4. On April 10, 2007, the Administrative Judge ("AJ") assigned to the case held a telephonic hearing in which Ms. Waters served as the sole witness. Id. at 4. In the hearing, Ms. Waters asserted that she and Mr. McTonnell had been close friend for 20 years and that they always intended to be married, notwithstanding the extremely short duration of their actual marriage. Id. at 3–4. Ms. Waters testified that Mr. McTonnell had always intended that she receive his government benefits and that his untimely death prevented him from taking the necessary steps to designate her as the beneficiary. Id. Ms. Waters also argued for equitable relief, asserting that Mr. McTonnell had left her with considerable debt obligations that she could not pay absent receipt of Mr. McTonnell's government benefits. Id.

The AJ first analyzed Ms. Waters's claimed entitlement to lump sum death benefits. The relevant statute, 5 U.S.C. § 8342(c), provides that the recipient of such benefits shall be "the beneficiary or beneficiaries designated by the employee . . . in a signed and witnessed writing received in the Office before his death." Here, Mr. McTonnell had designated Ms. McTonnell as the designated beneficiary in a document received by OPM on April 19, 1962. Id. at 3, 5. The statute additionally provides that "a designation, change, or cancellation of beneficiary in a will or other document not so executed and filed has no force or effect." 5 U.S.C. § 8342(c) (2000). Thus, Mr. McTonnell's Marital Settlement Agreement in which he claimed all marital property as separate did not suffice to remove Ms. McTonnell as the designated beneficiary of the lump sum death benefits, given that Mr. McTonnell did not execute the agreement or file it with OPM. Initial Decision at 5. Similarly, the durable power of attorney possessed by Ms. Waters was neither executed nor filed with OPM. Id. Consequently, Ms. McTonnell was the proper recipient of the lump sum death benefits, and Ms. Waters therefore could not claim entitlement thereto. Id.

The AJ then analyzed Ms. Waters claimed entitlement to survivor annuity death benefits. The relevant statute, 5 U.S.C. § 8341(b)(1), provides that the widow or widower of a retired federal employee who dies is entitled to survivor annuity death benefits, and 5 U.S.C. § 8341(a)(1)(A) defines "widow" as a spouse who "was married to [the deceased retired federal employee] for at least 9 months immediately before his death." Ms. Waters conceded that she was married to Mr. McTonnell for only 16 days, and Ms. Waters would not qualify as a common law wife, despite her lengthy

relationship with Mr. McTonnell, given that their state of residence, California, does not recognize common law marriages. Id. at 6, 6 n.3.

Finally, the AJ considered the various equitable considerations raised by Ms. Waters and concluded that such considerations, though compelling, did not merit departure from the clear statutory scheme created by Congress. Id. at 7. Accordingly, the AJ affirmed OPM's reconsideration decision. Id. The Initial Decision became the final decision of the Board when the Board denied Ms. Waters's petition for review for failure to meet the criteria for review set forth at 5 C.F.R. § 1201.115(d). Final Decision at 2.

## II.

We have jurisdiction over Ms. Waters's appeal pursuant to 28 U.S.C. § 1295(a)(9). Pursuant to 5 U.S.C. § 7703(c), we must affirm the Board's decision unless we find it to be (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. See also Kewley v. Dep't of Health & Human Servs., 154 F.3d 1357, 1361 (Fed. Cir. 1998).

On appeal, Ms. Waters does not allege errors of fact or law in the Board's decision. Rather, she appears to contend that equitable considerations, including the apparent intent of Mr. McTonnell that she receive his government benefits, and the fact that she cannot satisfy her debt obligations without receiving such benefits, weigh in favor of her receiving the benefits.

We see no error in the Board's decision. With respect to the lump sum death benefits, the Board properly held that the April 19, 1962 designation of Ms. McTonnell

as the recipient was never revoked and that she, rather than Ms. Waters, was the proper recipient of the benefits. The statute provides in relevant part:

> Lump-sum benefits . . . shall be paid to the person or persons surviving the employee or Member and alive at the date title to the payment arises in the following order of precedence, and the payment bars recovery by any other person: First, to the beneficiary or beneficiaries designated by the employee or Member in a signed and witnessed writing received in the Office before his death. For this purpose, a designation, change, or cancellation of beneficiary in a will or other document not so executed and filed has no force or effect.

5 U.S.C. § 8342(c). The April 19, 1962 document designated Ms. McTonnell as the sole beneficiary, and she therefore must receive the lump sum death benefits, to the exclusion of Ms. Waters, unless another document altered the designated beneficiaries. Neither the durable power of attorney possessed by Ms. Waters nor the Marital Settlement Agreement, however, suffices to change the beneficiary, because neither was executed or filed with OPM.

With respect to the survivor annuity benefits, Ms. Waters does not qualify as a "widow" entitled to such benefits under 5 U.S.C. § 8341(b)(1) because 5 U.S.C. § 8341(a)(1) defines "widow" as someone who "was married to [the deceased federal employee] for at least 9 months immediately before his death." Ms. Waters was married to Mr. McTonnell for only 16 days, and their lengthy pre-marriage relationship does not establish entitlement to benefits inasmuch as California law does not recognize common law marriage. Knight v. Superior Court, 26 Cal. Rptr. 3d 687, 690 (Cal. Ct. App. 2005).[1]

---

[1] The statute also provides for an exception to the 9 month marriage period in the event that the death of the federal employee spouse is "accidental." 5 U.S.C. §8341(i)(1). Ms. Waters has never contended, however, that Mr. McTonnell's death was accidental.

Accordingly, the statutory scheme for death benefits created by Congress affirmatively forecloses the possibility of Ms. Waters's receiving either lump sum death or survivor annuity benefits. The equitable considerations of Ms. Waters's case, including her debt load and lengthy pre-marriage relationship with Mr. McTonnell, however compelling, do not justify our departure from the system that Congress has created. See Office of Pers. Mgmt. v. Richmond, 496 U.S. 414, 434 (1990) (declining to consider individual hardship in claim for disability annuity payments). Because the relevant statutory provisions clearly establish that Ms. Waters is not entitled to receive the lump sum death benefit, which was properly assigned to Ms. McTonnell, or the survivor annuity, which inures only to spouses of 9 months or more, the Board did not err in its affirmance of OPM's reconsideration decision. For the foregoing reasons, the final decision of the Board is affirmed.

No costs.